IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 


NO. 74,368
 

 



 EX PARTE CHRISTOPHER LYNN COWAN






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 FROM MADISON COUNTY


 


Per Curiam



O P I N I O N



 This is an application for writ of habeas corpus filed pursuant to Texas Code of
Criminal Procedure, Article 11.07. While applicant was serving four concurrent sentences
from Tarrant County, #0243176D, #0242063D, #0242065D, and #0242158D, he was
convicted in Madison County of Aggravated Assault on a Correctional Officer. The sentence
of confinement for 15 years was ordered to begin when the sentence in #0243176D from
Tarrant County "cease[d] to operate."

 The four underlying convictions from 1984 were for offenses eligible for mandatory
supervision. Tex.Code Crim.Proc., art. 42.12 § 15 (West pamphlet 1984). The conviction
for aggravated assault of a correctional officer, committed in 1988, was not eligible for 
mandatory supervision. Tex.Code Crim.Proc., art. 42.18 § 8(c)(5) (West pamphlet 1988). 
Applicant makes two allegations, (1) that he is being denied release to mandatory supervision
and (2) that his 15 year sentence should have begun to run when he would have been released
to mandatory supervision in 1990, making his maximum discharge date sometime in 2005.

 The trial court made findings that TDCJ began running the 15 year sentence in cause
#8565 from Madison County on December 18, 1990. This finding is not supported by the
record. The record shows that TDCJ considers the maximum discharge date to be April 30,
2007. This conflict must be resolved by explicit responses from TDCJ to the following:

(1) On what date does TDCJ consider the sentence in cause #8565 from Madison County to
have begun to be served?

(2) On what date did the underlying sentence in cause # 0243176D from Tarrant County "cease
to operate?"

(3) What is applicant's projected maximum release date?

(4) Why, if it is, is the projected maximum release date more than 15 years from the date the
sentence in cause # 8565 from Madison County began to run?

 Since this Court does not hear evidence, Ex parte Rodriguez, 169 Tex.Cr.R. 367, 334
S.W.2d 294 (Tex.Crim.App. 1960), this application for post-conviction writ of habeas corpus
will be held in abeyance pending the trial court's compliance with this opinion. The trial court
shall resolve the issues presented within ninety days of the date of this opinion. (1) A
supplemental transcript containing any affidavits, the transcription of the court reporter's notes
from any hearings, along with the trial court's findings of fact and conclusions of law shall be
returned to this Court within one hundred twenty days from the date of this opinion.


Delivered: June 30, 2004

Do Not Publish
1. In the event any continuances are granted, copies of the order granting the continuance shall be
provided to this Court.